**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**BOBBY LEE STUBBS,**<br><br>**Defendant** | NO. 5: 06-CR-26 (WDO)<br><br>VIOLATIONS: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Richard Hull of the Macon Bar; the United States was represented by Assistant U. S. Attorney Charles Calhoun. Based upon the evidence presented and proffered to the court by counsel for the government and the defendant, and the contents of the Pretrial Service Report dated May 5, 2006, as well as argument of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated May 5, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant STUBBS to be released from custody at this time. The offenses charged against the defendant are serious drug offenses for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 188 months to 235 months in prison. The weight of evidence appears to be strong, with a confidential informant and undercover police officer making illegal drug purchases from the defendant on two separate occasions. Evidence presented indicates that defendant Stubbs avoided arrest by federal marshals for several months even though he knew they were looking for him. At the time of his arrest, he was found hiding under a kitchen sink.

**Defendant Stubbs has a lengthy arrest and conviction record, to-wit: he has had numerous arrests since 1992 but has felony convictions only for BURGLARY AND VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT in 1998 and ESCAPE in 1999, both occurring in Jones County, Georgia.   He also has misdemeanor convictions for POSSESSION OF MARIJUANA in the Probate Court of Peach County, Georgia in 1998 and in the State Court of Bibb County in 2004. Significantly, since 2002 he has had some seven charges of violating either probation or parole which indicates to the undersigned that he has great difficulty abiding by rules of supervision.  He is currently facing state drug charges arising out of an arrest in March of 2006.**

**The defendant advises that he has had a history of marijuana usage during the past three years which he describes as "steady."**

**For the foregoing reasons, pretrial detention is mandated.  IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 9th day of MAY, 2006.**



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**